■ The People of the State of New York, Respondent, v Robert Milton, Appellant.—Judgment, Supreme Court, New York County (Richard D. Carruthers, J., at *Huntley/Dunaway* hearing; Budd G. Goodman, J., at jury trial and sentence), rendered February 3, 1989, convicting defendant of burglary in the second degree and sentencing him, as a predicate felon, to an indeterminate term of 4½ to 9 years' imprisonment, unanimously affirmed.

Defendant's conviction arises out of his arrest after a building security guard chased him out of the building in question and pointed out defendant to a police officer who had just previously answered a call regarding a suspected burglary. A statement made by defendant to the arresting officer was

properly admitted into evidence as voluntarily made, in the absence of police questioning and misconduct. In the circumstances, the police had reasonable suspicion that defendant had been involved in a burglary and thus properly stopped and frisked defendant upon a contemporary street encounter. *(People v Mack,* 26 NY2d 311, *cert denied* 400 US 960; *People v Acevedo,* 102 AD2d 336.)

As the People offered both direct and circumstantial evidence at trial, the trial court's instruction in its supplemental charge that "if an inference of nonguilt can also be reasonably drawn from the facts, or if the inference is not inconsistent with nonguilt, you must draw the inference of nonguilt, not that of guilt" was proper, adequately conveying both the essence of the circumstantial evidence theory and the appropriate burden of proof. *(See, People v Barnes,* 50 NY2d 375.) Concur—Milonas, J. P., Wallach, Asch, Kassal and Smith, JJ.